**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| TOWERCO 2013, LLC, *et al*., | ) | CASE NO. 5:18-cv-02922 |
| | ) | |
| *Plaintiff-Relator,* | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| v. | ) | |
| | ) | **JUDGMENT ENTRY BY CONSENT** |
| THE CITY OF NORTH | ) | |
| RIDGEVILLE, OHIO | ) | |
| | ) | |
| *Defendant-Respondent.* | ) | |

By agreement of the plaintiff/relator, TowerCo 2013, LLC ("TowerCo"), and defendant/respondent, the City of North Ridgeville, Ohio ("North Ridgeville") (collectively referred to as the "Parties") the following terms are adopted as the Order of the Court:

1.      The Parties have reached an agreement, as reflected below, resolving all issues and claims presented in this case.  The terms of this agreement are reflected herein (hereafter referred to as the "Consent Decree").

2.      This case involves a dispute relating to the construction and operation of a 180-foot monopole telecommunications tower for use by a federally-licensed wireless communication carrier(s) (hereafter referred to as the "Project") originally planned for property owned by North Ridgeville, identified as Lorain County Permanent Parcel No. 07-00-017-101-038.

3.      The Parties have identified a mutually-agreeable, alternative location for the tower Project, which is the real property owned by Cathedral of Life, located at 5375 Jaycox

Road, North Ridgeville, Ohio 44039, Lorain County Permanent Parcel No. 07-00-018-101-011 (hereafter referred to as the "Church Property").

4.      The general parameters for the Project to be built at the Church Property are as follows:

    a.  The Project site will be located off the northeast end of the existing Church Property parking lot, located behind the Church building;

    b.  The "Compound" for the Project will measure 25 feet x 80 feet;

    c.  A fence enclosure will surround the site, constructed of a natural wood design or vinyl;

    d.  The tower will be a galvanized 180-foot monopole, with lightning rod (not requiring any FAA lighting); and

    e.  TowerCo anticipates the underground utility connections will extend to the west of the Project compound to the existing road right-of-way.

5.      TowerCo agrees to allow North Ridgeville to utilize the top 30-feet of the tower for City safety services communications and will not charge a fee for such use.

6.      North Ridgeville hereby approves the site location for the Project on the Church Property.

7.      Except for the building permit issuance in Paragraph 8 below and the submissions explicitly set forth in this Consent Decree, no other zoning and/or site permits, approvals or submissions shall be required by North Ridgeville.

8.      TowerCo's final site plan and engineering plans will be submitted to North Ridgeville for review for issuance of a building permit. The final site plan will be reviewed

{02850008 - 1}                     2

for the purpose of  North Ridgeville ascertaining the Compound's location is where it is stated in Paragraph 4.a. above.

9.      TowerCo's ingress and egress to the Project will be by means of a pre-existing private driveway to the Church Property.  TowerCo will file of record with North Ridgeville an as-built property map which depicts the ingress and egress route, utility route, and final structure placement.

10.      TowerCo and its agents and contractors will abide by current state and/or local laws pertaining to storm water pollution prevention and/or erosion control.

11.      Prior to any Project work, TowerCo or its contractors must contact the Ohio Utilities Protection Service (OUPS) and the Oil and Gas Producers Underground Protection Service (OGPUPS) and request all existing underground utility facilities be marked.

12.      Except for the obligations set forth in this Consent Decree, TowerCo, individually, and on behalf of its owners, managers, members, officers, employees, agents, successors and assigns, does hereby release, acquit, and discharge North Ridgeville, together with its officials, employees, agents, successors and assigns, individually and in their official capacities, its insurers, together with their employees, volunteers, employers, principals, agents, successors, and assigns, of and from any and all liability, claims, demands, charges, complaints, controversies, actions, causes of action, and suits at law or in equity, of any kind or nature whatsoever, known or unknown, asserted or unasserted, suspected or unsuspected, including any claim under any local, state or federal statute, and any claim under any other statutory, administrative, constitutional, contractual, tort, common law or other legal or equitable theory whatsoever, relating to or concerning the matters addressed in this Consent

Decree and any and all claims related or in any manner incidental to the complaint filed in this case.

13.     The Parties warrant that they have not assigned transferred, conveyed or otherwise disposed of any claim or demand against the other to any third parties, in whole or in part.  TowerCo shall indemnify and hold harmless North Ridgeville from any claims by its contractors and/or  lessees which may result from the claims asserted in this case.

14.     Following approval of this Consent Decree, and to the extent necessary, the Parties will execute all other documents, and take such other steps to carry out the purpose of this Consent Decree.

15.     The Parties, and each of them, represent and warrant that upon the submission of this Consent Decree, they have the sole right and authority to enter into this Consent Decree on behalf of themselves or itself.

16.     Nothing contained in this Consent Decree shall be considered an admission of liability by any Party for any purpose.  Rather, this Consent Decree represents a compromise and resolution of disputed claims and defenses.

17.     Each Party shall bear its own attorney fees and costs.

18.     Plaintiff's complaint is hereby dismissed, with prejudice. Court costs shall be borne by TowerCo.

*s/ Dan Aaron Polster*          *4/18/2019*
**JUDGE DAN AARON POLSTER**

Approved:


*/s/ Tonya J. Rogers*
James F. Mathews (0040206)
Tonya J. Rogers (0090439)
BAKER, DUBLIKAR, BECK,
WILEY & MATHEWS
400 South Main Street
North Canton, Ohio 44720
Phone: (330) 499-6000
Fax:     (330) 499-6423
Email:  mathews@bakerfirm.com
          tonya@bakerfirm.com
*Counsel for TowerCo 2013, LLC*



*/s/ R. Todd Hunt*
R. Todd Hunt (0008951)
Benjamin G. Chojnacki (0087401)
WALTER | HAVERFIELD, LLP
The Tower at Erieview
1301 East Ninth Street
Cleveland, Ohio 44114
Phone: (216)928-2935
Fax:     (216)916-2372
Email:  rhunt@walterhav.com
          bchojnacki@walterhav.com
*Counsel for City of North Ridgeville*



*/s/ R. Brian Moriarty*
R. Brian Moriarty (0064128)
Director of Law
City of North Ridgeville
7307 Avon Belden Road
North Ridgeville, OH  44039
Phone: (440) 204-2002
Email: bmoriarty@nridgeville.org
*Counsel for City of North Ridgeville*